IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Civil Action No. 5:07CR38
                                                        (STAMP)

RAYMOND LOY,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

On November 14, 2007, the defendant, Raymond Loy, was named in an indictment charging him with twenty counts of production of child pornography in violation of 18 U.S.C. § 2251(a),(e). Thereafter, the defendant filed a motion to suppress evidence, including photos, computer discs and videotapes, seized by officers during the May 19, 2007 search of his residence. The government filed a response in opposition. United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on the matter, and, on April 21, 2008, entered a report recommending that the defendant's motion to suppress evidence be denied. The defendant filed objections to the report and recommendation (including later-filed supplemental objections which this court will, under the circumstances, treat as timely). The United States filed a response to the defendant's objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the defendant has filed objections, this Court undertakes a de novo review of the report and recommendation.

## III. Facts

In May 2007, Tina Long, a clerk at the M&B Market in Weirton, West Virginia, approached Detective Grishkevich of the Weirton Police Department. Tina told Detective Grishkevich that her daughter danced at a strip club located in private residence and asked whether it was lawful to operate a strip club in a private residence. The detective said that he wasn't sure and would need to speak with her daughter, Heather Long, to get further information.

On May 18, 2007 at approximately 7:00 p.m., Heather Long arrived at the Weirton police station to voluntarily speak with Detective Grishkevich and Detective Alexander about the matter. In her statements to the detectives, Ms. Long described the operation of a strip club at a private residence and her involvement as a

dancer. Ms. Long also stated that minors were involved and that the operator of the strip club may be a registered sex offender. She described the residence where the alleged strip club was operated and the location where she and others parked to enter the residence. After the detectives finished interviewing Ms. Long, Detective Alexander and Lieutenant Shreiner attempted to locate the residence described by Ms. Long but were unable to do so. They returned to the police station and picked up Ms. Long so she could point out the residence. Ms. Long identified the residence at 111 Sellitti Lane as the site of the alleged strip club. Ms. Long's previous description of the residence and parking area matched the description of 111 Sellitti Lane and its accompanying parking area.

At approximately 10:30 p.m., Detective Alexander called Detective Grishkevich and informed him that Ms. Long had identified the residence at 111 Sellitti Lane as the site of the alleged strip club. Detective Grishkevich began drafting a search warrant application, including an affidavit establishing probable cause for the search of the residence located at 111 Sellitti Lane. He called Magistrate Hicks and informed him of the pending search warrant application. At approximately 11:00 p.m., Ms. Long, Detective Alexander, and Lieutenant Shreiner returned to the station. Ms. Long provided another statement about activities that had taken place at the alleged strip club. Detective Alexander wrote a summary of her statement and asked Ms. Long to verify the

3

accuracy of the written statement.  Ms. Long affirmed it was accurate, and Ms. Long, Detective Alexander, and Lieutenant Shreiner signed their names at the bottom of the statement.  After continued discussions with Ms. Long, Detective Alexander wrote an addition to Ms. Long's statement.  After Ms. Long affirmed the accuracy of the supplemental statement, Ms. Long, Detective Alexander, and Lieutenant Shreiner signed their names under the addition.  Ms. Long was next shown a photo of defendant and positively identified him as the operator of the strip club.  Then, Ms. Long left the police station.

Following Ms. Long's departure, Magistrate Hicks arrived at the police station.  Because the County offices for Hancock County are in located in New Cumberland, a considerable distance north of Weirton, and because each of the Hancock County magistrates live in Weirton, it is common practice for magistrates to consider after-hours search warrant applications at the Weirton Police Department.  In this instance, Detectives Alexander and Grishkevich briefed Magistrate Hicks on their investigation, presented the magistrate with evidence that the defendant was a convicted and registered sex offender and discussed with the magistrate the search warrant application. Magistrate Hicks asked whether Ms. Long was credible. Detective Grishkevich said he had never worked with Ms. Long and therefore could not prove her reliability or credibility.

Magistrate Hicks requested Ms. Long's statement be attached to the search warrant application.

Detective Grishkevich attached Ms. Long's statement to the search warrant application and labeled the statement, "Attachment #3." He then completed the search warrant application. The completed search warrant application consisted of six pages. The first page was titled "Affidavit and Complaint for Search warrant" and identified the property to be seized as "See Attachment #1; described the premises to be searched as "See Attachment #2;" and identified Attachment #3 as the facts in support of the affiant's belief. The second page consisted of the search warrant. The third page was titled, "Attachment #1." The fourth page was titled, "Attachment #2." The fifth and sixth page comprised "Attachment #3." Detective Grishkevich prepared an officer affidavit, but the affidavit was not attached to the search warrant application. Magistrate Hicks reviewed the search warrant application and suggested that certain amendments be made to "Attachment 2," which detailed the items to be seized. Magistrate Hicks then asked Detective Alexander to raise his right hand and state whether he swore or affirmed that everything presented in the search warrant application was true and accurate to the best of his knowledge and belief. Detective Alexander responded that he so swore and Magistrate Hicks signed the search warrant. At approximately 1:30 a.m. on May 19, 2007, the search warrant was

executed. The defendant was found inside the residence. Among other items, officers seized numerous photos, VHS tapes, computer equipment, compact discs, floppy disks, and a secret videotaping system. The VHS tapes contained footage of several underage girls at the residence in various stages of undress.

IV. Discussion

A. Validity of the Search Warrant

The defendant contends in his motion to suppress that video, photo, and computer evidence seized during a search of his residence must be excluded from the evidence at trial because police officers entered the residence with a constitutionally defective search warrant. Following a hearing on the defendant's motion to suppress, Magistrate Judge Seibert recommends that the defendant's motion to suppress be denied because the arrest warrant was sufficient to protect the defendant's Fourth Amendment rights. This Court agrees.

The Fourth Amendment to the United States Constitution requires that warrants be issued by a neutral and detached magistrate, contain a particular description of the place to be searched and the persons or things to be seized, and be based "upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV; see Dalia v. United States, 441 U.S. 238, 255 (1979). Defendant Loy does not dispute that the warrant contained a sufficiently detailed description of his home or of the items to be

6

seized. Rather, the defendant contends that the search warrant obtained by the officers in this case failed to meet the first and third of the above constitutional requirements. Specifically, the defendant argues in his motion to suppress that the search warrant was defective because (1) Detective Robert Alexander's application for the warrant did not include a sworn affidavit, (2) Magistrate Hicks was not neutral and detached, (3) the testimony of informant, Heather Long, was not corroborated, and (4) the information contained in the search warrant application did not support a finding of probable cause. These arguments will be addressed in turn.

1. <u>The Absence of an Affidavit in the Search Warrant Application</u>

The defendant appears to concede in his objections to the report and recommendation that the absence of an affidavit is not fatal to the validity of a search warrant in cases where, as here, the federal government subsumes prosecution of a defendant from the state. Nonetheless, the defendant states that, in making this concession, he does not waive his objections to the validity of the search warrant with regard to the absence of a properly executed affidavit.

The plain language of the Fourth Amendment requires simply that an application for a warrant be "supported by Oath or affirmation." U.S. Const. amend. IV. In this case, Detective

7

Alexander affirmed under oath to Magistrate Hicks that the information presented in the application for the search warrant was true based upon his knowledge and belief.  Therefore, this Court finds, following a de novo review, that the search warrant complied with the constitutional "Oath or affirmation" requirement.

  2.  Neutral and Detached Magistrate

The defendant next argues that Magistrate Hicks abandoned his role as a neutral and detached judicial officer when he issued the search warrant.  In support of his argument, the defendant asserts that it was inappropriate for Magistrate Hicks to appear at the same police station where he formerly worked as Chief of Police, to direct the officers to attach the informant's statement to the warrant application and to direct the officers to include certain items in Attachment 2 to the warrant application.  After receiving testimony regarding the circumstances surrounding the issuance of the warrant, Magistrate Judge Seibert found that Magistrate Hicks acted in a manner that was both neutral and detached.  This Court agrees.

One of the protections provided by the Fourth Amendment is that inferences regarding probable cause must be "be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."  Johnson v. United States, 333 U.S. 10, 14 (1948).  A

magistrate is not permitted to serve as a "rubber stamp" for the police.  See United States v. Leon, 468 U.S. 897, 914 (1984).

The conduct of Magistrate Hicks in this case does not tend to show that he failed to be "neutral and detached."  Although Magistrate Hicks was the former Chief of Police at the Weirton Police Department, there is no evidence that he was improperly influenced by the detectives at the department or that he improperly influenced the detectives.  Magistrate Hicks was not involved in the investigation of the defendant or the execution of the warrant.  There is no evidence that Magistrate Hicks had direct contact with the informant or that he had any involvement in drafting the informant's statement which was ultimately attached to the search warrant application.  Moreover, Magistrate Hicks's after-hours appearance at the police station for the purpose of receiving the search warrant application was not extraordinary conduct that would indicate a lack of neutrality.  Indeed, it is common practice for the magistrates in Hancock County to receive warrant applications at the Weirton Police Department because the station is more conveniently located than the magistrate offices.  Finally, Magistrate Hicks's suggestion to the officers that the informant's statement be attached and that certain information be included in an attachment to the search warrant application is not inconsistent with the magistrate's duty of neutrality.  Rather, as Magistrate Hicks testified in the hearing before Magistrate Judge

Seibert, it is a magistrate's responsibility to identify any deficiencies in a warrant application. Thus, in calling the officers' attention to potential deficiencies in the search warrant application, Magistrate Hicks did not breach his duty of neutrality.

The defendant objects to Magistrate Judge Seibert's finding that Magistrate Hicks acted as a neutral and detached magistrate. In his objections, the defendant simply renews and incorporates by reference the same arguments advanced in his motion to suppress. Having considered those arguments de novo and Magistrate Judge Seibert's findings as to the issue of neutrality, this Court finds that the defendant's objections are without merit.

    3.   <u>Credibility of Informant</u>

The defendant's primary objection to the report and recommendation is to Magistrate Judge Seibert's conclusion that the facts and circumstances surrounding the presentation of the search warrant application provided a basis for belief that the informant witness was reliable and credible. The defendant argues that the search warrant was invalid because Heather Long's statement was uncorroborated and unreliable. The defendant challenges eight specific conclusions reached by Magistrate Judge Seibert in support of his finding that Heather Long's statement was reliable. Specifically, the defendant argues that (1) Ms. Long's mother, rather than Ms. Long herself, initiated contact with the police,

10

(2) Ms. Long's legal trouble was not disclosed to Magistrate Hicks and therefore Magistrate Hicks did not have an opportunity to inquire if Ms. Long's statement was the result of a _quid pro quo_ arrangement, (3) Ms. Long's provision of her name, address, birth date, social security number and telephone number did not render her "unquestionably honest," (4) Magistrate Hicks did not have an opportunity to observe Ms. Long's demeanor, (5) Magistrate Hicks was not advised that the officers did not observe an ongoing party at the defendant's residence on the night the warrant was issued, (6) Ms. Long's affirmation of her own credibility was a meaningless gesture, (7) the officers' corroboration of Ms. Long's belief that the defendant was a registered sex offender is not meaningful, and (8) the officers' corroboration of Ms. Long's description of the defendant's residence and associated parking area is not meaningful.

Following a _de novo_ review of the report and recommendation and the defendant's objections and supplemental objections thereto, this Court finds that Heather Long was a sufficiently credible witness to support a finding of probable cause to issue a search warrant. Probable cause can be founded on information received from an informant if, in view of the totality of the circumstances, the judicial officer is satisfied with the veracity and basis of knowledge of the informant. See _Illinois v. Gates_, 462 U.S. 213, 238 (1983). An informant's reliability may be bolstered by "[t]he

degree to which [the] informant's story is corroborated." United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004). Nonetheless, "'there is no set requirement that all tips be corroborated by subsequent police investigation in order to be considered credible.'" United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004)(citing United States v. DeQuasie, 373 F.3d 509, 518 (4th Cir. 2004)). "The officer applying for the warrant 'need not . . . entirely eliminate the risk that an informant is lying or in error.'" Id. (citing United States v. Capozzi, 347 F.3d 327, 333 (1st Cir. 2003)).

Heather Long's statement regarding the defendant's activities had sufficient indicia of reliability to support the issuance of a search warrant in this case. The defendant's piecemeal objections to the individual conclusions of Magistrate Judge Seibert regarding the credibility of Ms. Long, when viewed in the totality of circumstances, fail to convince this Court that her statement was so lacking in credibility as to prevent a finding of probable cause.

First, any contradiction in the testimony before Magistrate Judge Seibert as to who first initiated the questioning of Heather Long is not fatal to the credibility of her statement. Regardless of whether Ms. Long's mother or Detective Grishkevich first initiated the inquiry into Ms. Long's knowledge about ongoing activities at the defendant's residence, Ms. Long freely submitted

12

to a face-to-face interview with the officers involved in this case and the officers determined her statements and demeanor to be credible.  Second, there is no evidence to support the defendant's suggestion that the officers promised Ms. Long some form of quid pro quo for her statement against the defendant with regard to certain criminal charges that were pending against her at the time.[1]  Third, Magistrate Judge Seibert does not conclude in his report and recommendation that Ms. Long's disclosure of her identifying and contact information to the police rendered her "unquestionably honest."  Rather, Magistrate Seibert simply concluded that the fact of disclosure supported a credibility determination.

Fourth, although Magistrate Hicks did not meet Ms. Long and did not have an opportunity to personally evaluate her demeanor prior to the issuance of the search warrant, this fact does not weigh against a finding of reliability.  It is sufficient that Detective Alexander, who affirmed under oath that the information in the warrant application was truthful to the best of his knowledge, had the opportunity to meet face-to-face with Ms. Long and to assess her credibility and demeanor.  See DeQuasie, 373 F.3d

---

[1]In his objections, the defendant moves this Court to recommit this matter to Magistrate Judge Seibert, permit the record to be re-opened and to allow defense counsel to resume questioning regarding the criminal charges pending against Ms. Long at the time.  Having found that Ms. Long's statement was credible and reliable regardless of any criminal charges pending against her, this Court declines the defendant's request.

at 523 ("because an informant who meets face-to face with an officer provides the officer with an opportunity to assess his credibility and demeanor and also exposes himself to accountability for making a false statement, 'courts have had no difficulty distinguishing between cases involving face-to face encounters with informants and cases involving anonymous tipsters.'" (citing United States v. Christmas, 222 F.3d 141, 144 (4th Cir. 2000))).

Fifth, the defendant's argument that Ms. Long's entire statement to the police was not credible because the officers did not observe an ongoing party at the defendant's residence when they drove by the defendant's house prior to seeking a search warrant is without merit. Even assuming that Ms. Long was misinformed or otherwise untruthful about the date or time that a party involving underage minors was scheduled to take place at the defendant's house, her statement was sufficiently reliable overall to support a finding of probable cause. Sixth, the defendant suggests that Magistrate Judge Seibert improperly treated Ms. Long's affirmation that her written statement was true as a presumption of truthfulness. Magistrate Judge Seibert, however, applied no such presumption. Rather, Magistrate Judge Seibert noted that Ms. Long's affirmation to the truthfulness of her statement simply tended to show that she was telling the truth. This is both a permissible and rational conclusion given that, as an identified

citizen informant, Ms. Long could be held accountable for a false statement.

Finally, as to the defendant's seventh and eighth contentions, this Court finds that Ms. Long's statement was sufficiently corroborated. Officers are not required to corroborate extraordinary facts before concluding that the testimony of an identified citizen informant is credible. See United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993)("Corroboration of apparently innocent details of an informant's report tends to indicate that other aspects of the report are also correct."); Easton v. City of Boulder, 776 F.2d 1441, 1449 (10th Cir. 1985)("the skepticism and careful scrutiny usually found in cases involving informants . . . is appropriately relaxed if the informant is an . . . ordinary citizen witness."). Thus, the officers' corroboration of the defendant's sex offender status and of Ms. Long's description of the defendant's residence and associated parking area was sufficient to support a determination of credibility.

Accordingly, after a thorough review of the record and the totality of the circumstances surrounding the issuance of the search warrant, this Court concludes that it was reasonable for both the investigating officers and Magistrate Hicks to conclude that Ms. Long's statement was reliable. This Court further concludes that Magistrate Hicks's finding of probable cause was

15

well-supported and that the search warrant in this case was not constitutionally deficient.

B.   Application of the *Leon* Good Faith Exception

Nonetheless, assuming for the sake of argument, that the search warrant in this case was defective, the defendant's motion to suppress would still be denied pursuant to the good faith exception set forth in United States v. Leon, 468 U.S. 897 (1984). Under this exception, evidence obtained pursuant to a search warrant issued by a magistrate judge that was based on less than probable cause may still be admissible provided that the police officers who obtained and executed the warrant relied on the warrant in good faith.  Id.

In his objections to the report and recommendation, the defendant contends that the officers' reliance on the search warrant was unreasonable because they behaved recklessly in preparing the search warrant application.  This objection is without merit.  There is no evidence on the record that the officers presented the search warrant application to Magistrate Hicks with a reckless disregard for the truth.  The fact that the officers did not include an affidavit in the search warrant, as is customary, does not support a finding of recklessness because it was reasonable for Detective Alexander to conclude that his oral oath of affirmation to the truthfulness of the material contained in the application was sufficient.  Accordingly, pursuant to Leon,

even if the search warrant in this case was deficient, the exclusionary rule would not apply.

## V. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections and supplemental objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, the defendant's motion to suppress is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: July 23, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE